## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Archbishop Kingpimp Shortymacknifisent,<br><br>Plaintiff,<br><br>v.<br><br>The Universal Life Church,<br><br>Defendant. | Case No. 22-CV-2567 (KMM/ECW)<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

### I.    INTRODUCTION

This action comes before the Court on Plaintiff Archbishop Kingpimp Shortymacknifisent's opening filing (Dkt. 1 ("Complaint")).  For the following reasons, the Court deems Plaintiff a "no assets and no means" litigant under 28 U.S.C. § 1915(b)(4) and recommends dismissing this action without prejudice for failure to state a claim.

### II.    BACKGROUND

This action commenced on October 11, 2022, when the Court received the Complaint.  (*See* Dkt.)  Plaintiff is a prisoner presently incarcerated at the Minnesota Correctional Facility–Stillwater in Bayport, Minnesota.  (*See, e.g.*, Dkt. 1 at 2; Dkt. 1-3 at

1.[1]) The action names one Defendant: the Universal Life Church ("UL Church"), which Plaintiff identifies (as relevant here) as a "business corporation." (Dkt. 1 at 2.[2])

Plaintiff purports to bring this action under 42 U.S.C. § 1983—specifically, he claims that the Universal Life Church (the "UL Church") has violated his rights under the U.S. Constitution's First Amendment. (*See, e.g.*, *id.*) The Complaint states that the UL Church "[offers various] religious degrees, certificates, books, courses, special titles, license plate frames, baptismal certificates, sainthood certificates, and special fonts [to] choose from." (*Id.*) Plaintiff alleges that in April 2022, he wrote to the UL Church, sending it a copy of his "legal name change application"; as the Court understands the Complaint, Plaintiff wanted the UL Church to send him certain "church corporation/business [degrees]" in response. (*Id.* at 3.) Plaintiff contends that UL Church did not respond. (*See id.*) Pointing to language in certain UL Church documents indicating that organization's support for the First Amendment, Plaintiff claims that the UL Church violated the First Amendment by failing to respond to his correspondence. (*Id.* at 3–4.) He also suggests—apparently on the basis of the same conduct—that the UL Church discriminated against him because of his religion. (*Id.* at 4.)

---

[1]   Throughout this document, citations to court filings use the pagination provided by the District's CM/ECF filing system.

[2]   The Complaint is handwritten in a style where certain symbols are used for letters. For example, throughout the Complaint, the letter *S* is written as a dollar sign ($) and the letter *C* as a cents sign (¢). (*See, e.g.*, Dkt. 1 at 1.) For purposes of clarity, the Court has corrected these and other typographical errors when quoting the Complaint without specifically noting each correction in this Order and Report and Recommendation.

For relief, Plaintiff seeks a declaratory judgment, various forms of injunctive relief, $1 billion in compensatory damages, and punitive damages.  (*Id.* at 4-6.)

### III.     ANALYSIS

**A.     *In Forma Pauperis* Status and Standards of Review**

When Plaintiff filed this action, he did not submit this action's filing fee or an application to proceed *in forma pauperis* ("IFP").  But Plaintiff has other pending litigation in this District, and in that action, U.S. Magistrate Judge Becky R. Thorson recently assessed an IFP application that Plaintiff submitted earlier this year.  (*See* Dkt. 79 at 1 in No. 22-CV-0766 (DSD/BRT) (D. Minn.).)  Magistrate Judge Thorson granted that IFP application and determined that Plaintiff qualified as a "prisoner with 'no assets and no means by which to pay [an] initial partial filing fee.'"[3]  (*See id.* (brackets in order); *cf.* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").)

On October 14, 2022, the Clerk of this Court sent Plaintiff a letter prompting him to submit either this action's filing fee or an IFP application.  (*See* Dkt. 2.)  Given the recent handling of Plaintiff's application in No. 22-CV-0766—and because nothing in this action's filings suggests any changes in Plaintiff's finances—the Court concludes

---

[3]     The Certificate of Authorized Prison Official submitted with that IFP application stated that Plaintiff (1) had no money in his prison trust-fund account, (2) had received no deposits whatsoever for the six-month period before Plaintiff filed suit, and (3) had an average monthly balance (over the same time period) of $0.00.  (*See* Dkt. 2 at 6 in No. 22-CV-0766 (DSD/BRT) (D. Minn.).)

that here too, Plaintiff qualifies as a prisoner with "no assets and no means" under 28 U.S.C. § 1915(b)(4). This Court can therefore review this action without waiting for further follow-up from Plaintiff.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), in a case where a plaintiff proceeds IFP, then "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See, e.g.*, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.  **Claims Under 42 U.S.C. § 1983**

As noted above, Plaintiff purports to bring First Amendment claims against UL Church under 42 U.S.C. § 1983. But UL Church's status as a private organization makes this a nonstarter. Under § 1983,

4

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia**, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(Emphasis added.)

The bolded wording here indicates that to state a § 1983 claim, a plaintiff must name a defendant who acted "under color" of state law.[4] *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010)). This requirement excludes from § 1983's scope "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (internal quotation marks removed)); *see also, e.g.*, *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quoting *Sullivan*). To determine whether a particular case involves conduct under color of state law, a court considers (1) "whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority," and (2) "whether

---

[4] In what follows, the Court's citations include both cases that analyze this under-color-of-state-law requirement for § 1983 claims as well as cases that analyze the Fourteenth Amendment's so-called state-action requirement. This poses no issue, as the U.S. Supreme Court has suggested that the requirements are "equivalent." *See, e.g.*, *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 182 n.4 (1988) (citing cases); *cf.* Marvin A. Schwartz, Section 1983 Litigation Claims and Defenses § 5.10, Westlaw (supplement updated February 2022) ("[P]recedents concerning these two issues are typically cited by the courts interchangeably.").

the party engaging in the deprivation may be appropriately characterized as a state actor." *Roberson*, 42 F.4th at 928–29 (quoting *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (internal quotation marks omitted)).

The Complaint indicates that the UL Church is a private organization. (*See* Dkt. 1 at 2.) The claimed deprivation here arises from (at most) UL Church's decision not to correspond with Plaintiff. That decision has no "source in state authority." Furthermore, given the Complaint's allegations, there is no plausible way to characterize the UL Church as a "state actor" in any relevant sense. These points dictate that Plaintiff has failed to show that UL Church's conduct here consisted of action under color of state law. This means that the Complaint fails to state any § 1983 claim against the UL Church. Furthermore, Plaintiff cites no other civil-rights laws that might apply here—and the Court is unaware of none.[5] As a result, the Court recommends dismissing this action without prejudice in its entirety.[6]

---

[5] There certainly are civil-rights laws that target religious discrimination, but the Court is unaware of any that would generate liability merely due to a failure to respond to correspondence, which is all that Plaintiff alleges here. Indeed, even if Complaint alleged that the UL Church had acted under color of state law for § 1983 purposes—and it does not—the Court doubts that the Complaint, as pleaded, states a plausible religious-discrimination claim. (To say the least, Plaintiff's further suggestion that such a claim could plausibly underpin a billion-dollar damages award is patently frivolous.)

[6] The Court warns Plaintiff that under 28 U.S.C. § 1915(g), "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section"—in other words, proceeding *in forma pauperis*—"if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Under 28 U.S.C. § 1915(b)(4), Plaintiff Archbishop Kingpimp Shortymacknifisent qualifies as a prisoner with "no assets and no means" by which to pay an initial partial filing fee.

2. Shortymacknifisent must pay the unpaid balance ($350.00) of this action's filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Shortymacknifisent is confined.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** this action be **DISMISSED** without prejudice under 28 U.S.C. § 1915 based on failure to state a claim.

Dated: October 27, 2022                     *s/Elizabeth Cowan Wright*
                                                                       ELIZABETH COWAN WRIGHT
                                                                       United States Magistrate Judge

---

the prisoner is under imminent danger of serious physical injury." If this filing's recommendations are adopted, future courts addressing litigation brought by Plaintiff may well deem this case's dismissal one of Plaintiff's three § 1915(g) "strikes." Plaintiff should keep this aspect of § 1915 in mind if and when he decides to bring further litigation in federal court.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).