UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Archbishop Kingpimp
Shortymacknifisent,

No. 22-cv-2567 (KMM/ECW)

Plaintiff,

v.

**ORDER**

The Universal Life Church,

Defendant.

The above matter comes before the Court upon the Order and Report and Recommendation (Order and R&R) of United States Magistrate Judge Elizabeth Cowan Wright, dated October 27, 2022. [Doc. 5]. Applying the relevant subsections of 28 U.S.C. § 1915 in the Order, Judge Cowan Wright found that Plaintiff Archbishop Kingpimp Shortymacknifisent qualifies as a prisoner with "no assets and no means" by which to pay an initial partial filing fee, but that he must nevertheless pay the unpaid $350 balance of the filing fee for this case. [*Id.* at 3–4, 7]. In the Order and R&R, Judge Cowan Wright concludes that the Complaint fails to state a claim because facts alleged show that the Defendant did not act under color of state law for purposes of 42 U.S.C. § 1983. Consequently, the Order and R&R recommends that this action be dismissed without prejudice for failure to state a claim. [*Id.* at 4–6, 7].

Mr. Shortymacknifisent filed an Objection to the Order and R&R along with a supporting Affidavit. [Doc. 7 & 8]. He also submitted an Application to Proceed *In Forma*

*Pauperis* [Doc. 9], and a Petition to Vacate Filing Fee [Doc. 10]. The Court has liberally construed these *pro se* filings and construes them as raising certain objections to Judge Wright's conclusion that Plaintiff must pay the balance of the filing fee. It is less clear whether Mr. Shortymacknifisent intends to object to the recommendation that this case be dismissed without prejudice or the Magistrate Judge's reasoning. [*See* Doc. 8 at 2 (thanking the Magistrate Judge for suggesting dismissal without prejudice)].[1]

The Court reviews de novo any portion of a magistrate judge's report and recommendation to which specific objections are made. *Dorsey & Whitney LLP v. United States Postal Serv.*, 402 F. Supp. 3d 598, 602 (D. Minn. 2019) (citing 28 U.S.C. § 636(b)(1)); D. Minn. LR 72.2(b). In the absence of specific objections, the Court reviews only for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Based on the Court's careful review of the Order and R&R as well as Mr. Shortymacknifisent's objections, the Court finds no error.

---

[1] Plaintiff states that he objects to having the dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g). [Doc. 8 at 2]. However, when a court dismisses a suit, it cannot make a determination that is binding on any future court that the dismissal counts as a strike for purposes of § 1915(g). Rather, whether the dismissal of this action, or any other lawsuit previously filed by Mr. Shortymacknifisent and dismissed by some other court counts as a strike under that statute must be determined by a future court. *Gonzalez v. United States*, 23 F.4th 788, 790 (8th Cir. 2022) (holding that regardless of what a dismissing court says when it dismisses a case, until a "fourth or later judge" makes an independent evaluation of the three-strikes rule, the plaintiff "remains free to argue that [a] dismissal does *not* count as a strike"). At this point, the Order and R&R's mention of the three-strikes rule functions as nothing more than a warning. *Id.* (citing *Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021)).

*Filing Fee*

Mr. Shortymacknifisent's first objection concerns the filing fee. Specifically, he objects to the Order's conclusion that he will be required to pay the balance of the $350 filing fee, which will be collected in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Order observes that the Clerk of Court sent Mr. Shortymacknifisent a letter on October 14, 2022 prompting him to submit the filing fee or an IFP application, but Plaintiff asserts that he did not receive that communication, and if he had, he would have responded. Mr. Shortymacknifisent argues that it is unfair to require him to pay the filing fee as a sanction for not responding to a letter he never received. [Doc. 7 at 1–2]. More recently, in his Petition to Vacate the Filing Fee, he notes that he has since mailed in an IFP application in this case and demands that the $350 filing fee in this matter be removed. [Doc. 10].

Although it is understandable that Mr. Shortymacknifisent is frustrated about having an outstanding $350 bill for the filing fee associated with this case, his objection is overruled. He was not required to pay the fee as a sanction for failing to respond to a letter he did not receive, but because of a statutory provision governing civil cases filed by prisoners that ultimately requires payment of the full filing fee even where the prisoner qualifies for IFP status.

In a case involving a plaintiff who is not a prisoner, if the plaintiff qualifies for IFP status, the entire filing fee is waived, and they are allowed to litigate their case without paying any filing fee at all. But Congress treats civil actions filed by prisoners differently. Here, the Court allowed Mr. Shortymacknifisent to file without paying the full filing fee *up front*, under 28 U.S.C. § 1915(b)(1). Ordinarily, courts will assess a prisoner an initial

3

partial filing fee based on the average balance or deposits in their trust account, which requires the prisoner to file a certified trust account statement.

Judge Cowan Wright correctly observed that Plaintiff did not pay a filing fee when he filed this case, and at that time, he had not submitted an IFP application. As a result, the Clerk of Court sent out a letter informing him that one or the other was required. Judge Cowan Wright also correctly found that Mr. Shortymacknifisent had not sent in an IFP application in response to that letter from the Clerk. But Judge Cowan Wright reviewed Plaintiff's contemporaneous filings regarding his financial condition in a separate case— Case No. 22-cv-0766 (DSD/BRT). Relying on that IFP information, the Order and R&R specifically finds, pursuant to 28 U.S.C. § 1915(b)(4), that Mr. Shortymacknifisent had no assets and no means with which to pay an initial partial filing fee in this case, and found that failure to submit an IFP application *in this case* was not a barrier to the suit moving forward.

What the Order and R&R *does not do* is require Plaintiff to pay the unpaid $350 balance of the filing fee for this case as a sanction for Mr. Shortymacknifisent's failure to respond to the Clerk of Court's letter that he states he never received. Rather, he is required to pay that unpaid balance by the terms of a statute, 28 U.S.C. § 1915(b)(2). That provision applies even where a prisoner is excused from paying the initial partial filing fee because he has no assets and no means at the time he files the case. Because the Order and R&R correctly determined that Plaintiff must eventually pay the unpaid balance of the filing fee, his objection to that conclusion is overruled, and the Order is affirmed. For these same

reasons, his December 1, 2022 IFP Application is denied as moot, and his Petition to Vacate Filing Fee is denied.

### *Dismissal*

As noted, Mr. Shortymacknifisent does not make any specific objection to the Order and R&R's conclusion that his action should be dismissed without prejudice for failure to state a claim. The Order and R&R properly construes the Complaint as setting forth a claim against the Universal Life Church for violating Plaintiff's First Amendment rights, and correctly observes that the Defendant is alleged to be a private organization. Judge Cowan Wright found that the Complaint fails to state a claim because the Defendant's alleged conduct did not have any source in state authority and there was no plausible way to characterize the Defendant as a state actor. As a result, Plaintiff failed to state a claim against any defendant who acted under color of state law. The Court agrees with Judge Cowan Wright's sound analysis and the recommendation for dismissal of this action without prejudice is accepted.

IT IS HEREBY ORDERED:

1. The Order and R&R [Doc. 5] is **ACCEPTED**;

2. Plaintiff's Objection [Doc. 7] is **OVERRULED**;

3. Plaintiff's IFP Application [Doc. 9] is **DENIED AS MOOT**;

4. Plaintiff's Petition to Vacate Filing Fee [Doc. 10] is **DENIED**; and

5. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915 based on failure to state a claim.

**Let Judgment Be Entered Accordingly.**

Date: **March 7, 2023**          *s/ Katherine M. Menendez*
                                 Katherine M. Menendez
                                 United States District Judge