UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Archbishop Kingpimp
Shortymacknifisent,                                       No. 22-cv-2567 (KMM/ECW)

Plaintiff,

v.                                                        **ORDER**

The Universal Life Church,

Defendant.

The above matter is before the Court on Plaintiff's applications to proceed *in forma pauperis* ("IFP") on appeal. [ECF No. 14]. On March 7, 2023, the Court adopted the Order and Report and Recommendation of Magistrate Judge Elizabeth Cowan Wright, overruled Plaintiff's objections, denied his district court IFP application as moot, denied his application to waive the obligation to pay the remainder of his filing fee, and dismissed this case without prejudice. [ECF No.11]. Plaintiff seeks to appeal that dismissal and to do so without paying the $500 appellate filing fee. Plaintiff has submitted a certified copy of his prison trust account statement in connection with his IFP application which demonstrates that he currently has no funds in his account and that the average monthly deposits and average monthly balance in his account for the previous six months was $0.00. [ECF No. 14-1].

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is

unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Plaintiff's filings, he is entitled to IFP status on appeal. Although prisoners are ordinarily required to pay an initial partial filing fee equivalent to the greater of 20% of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period preceding the filing of the notice of appeal, *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997); 28 U.S.C. § 1915(b)(1)(A), the certified trust account statement shows Plaintiff has had a zero-balance and no deposits for that period. Because Plaintiff has no assets and no means with which to pay it, no initial partial appellate filing fee will be required. 28 U.S.C. § 1915(b)(4). The remainder of the appellate filing fee shall be paid in monthly installments as set forth in § 1915(b)(2).

IT IS HEREBY ORDERED Plaintiff's Application to Proceed IFP on Appeal [ECF No. 14] is **GRANTED** and no initial partial appellate filing fee is required pursuant

to 28 U.S.C. § 1915(b)(4) because Plaintiff has no assets and no means. The remainder of

the appellate filing fee shall be paid in monthly installments as set forth in § 1915(b)(2).


Date: **April 17, 2023**                                    *s/ Katherine M. Menendez*
                                                            Katherine M. Menendez
                                                            United States District Judge